UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                             :
TYREKE WILLIAMS,                                             :
                                                             :     **ORDER DISMISSING STATE-**
                                              Plaintiff,     :     **LAW CLAIMS AGAINST**
               -against-                                     :     **DEFENDANTS KIEU VO AND**
                                                             :     **FRANKLIN VO**
CITY OF NEW YORK, NYPD OFFICER JOSE                          :
DELEON SANCHEZ, KIEU VO, and                                 :     20 Civ. 478 (AKH)
FRANKLIN VO,                                                 :
                                                             :
                                                             :
                                                             :
                                              Defendants.    :
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Tyreke Williams ("Plaintiff") brings suit against Defendants City of New York and NYPD Officer Jose Deleon Sanchez (the "federal-law Defendants") under 42 U.S.C. § 1983, alleging a violation of Plaintiff's Fourth and Fourteenth Amendment rights, and claims for false arrest. ECF No. 1. Plaintiff also brings state-law claims for malicious prosecution (Count V) against the federal-law Defendants and Defendants Kieu Vo and Franklin Vo (the "Vos"). *Id.*

        I held a status conference, November 5, 2021, and requested that Plaintiff provide authority establishing the basis for my jurisdiction over his claims against the Vos. Having considered Plaintiff's submission, and for the reasons below, I exercise my discretion under 28 U.S.C. § 1367 to decline supplemental jurisdiction over Plaintiffs' claims against the Vos.

        Section 1367(a) gives district courts jurisdiction over claims that lack an independent basis for federal jurisdiction but whose claims are "so related . . . that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). "[D]istrict courts may decline to exercise supplemental jurisdiction over a claim under subsection (c) "if—(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or

1

claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." § 1367(c).  Where any of the categories in subsection (c) apply, the Second Circuit has "emphasized both that, insofar as a § 1367(c) category is applicable, supplemental jurisdiction is a 'doctrine of discretion, not of plaintiffs' right,' and that '[i]n providing that a district court "may" decline to exercise [supplemental jurisdiction, [§ 1367(c)] is permissive rather than mandatory." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018) (internal citations omitted) (quoting *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006)); *accord. United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  However, the Second Circuit has also said that when a district court finds that one of § 1367(c) categories applies, the court "must . . . meaningfully balance the supplemental jurisdiction factors" to determine whether declining jurisdiction would "promote the values articulated in *Gibbs*: economy, convenience, fairness, and comity." *Catzin*, 899 F.3d at 85; *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004) (citing *Gibbs*, 383 U.S. at 726).  Having considered Plaintiff's submission, I find that subsections 1367(1), (2), and (4) apply, and that declining supplemental jurisdiction would promote the values articulated in *Gibbs*.

   Plaintiff argues that I have supplemental jurisdiction over his claims against the Vos because they arise out of a common nucleus of operative facts, such that they form part of the same case or controversy, because the Vos's complaint to the police set in motion the events that led to Plaintiff's arrest and wrongful prosecution.  I disagree.  While the Vos' complaint provides the background for Plaintifff's Civil Rights claims against the police officers who responded to the Vos' complaints, and the City, the issues that will have to be decided are entirely different. Plaintiff's claims against the City and police officers are for constitutional violations under the Fourth and Fourteenth Amendments, for false arrest; and malicious

prosecution. The federal-law Defendants have defenses that they acted reasonably in response to a complaint as well as claims of qualified immunity. In contrast, Plaintiff's claims against the Vos for malicious prosecution involve issues of State landlord-tenant law and the basis for the Vos's complaint to the police. Those issues are sufficiently complex and entirely different from the federal claims. Exercising my discretion under 28 U.S.C. § 1367(c)(4), I decline to assume jurisdiction over the state law claims against the Vos'.

I find that dismissing the claims against the Vos without prejudice will promote the *United Mine Workers of America v. Gibbs* values. *See* 383 U.S. at 726. Dismissal will facilitate the resolution of the claims against the federal-law Defendants under the Civil Rights Law and the defense of qualified immunity. Plaintiff then can pursue his state law claims in the New York Supreme Court, a forum more experienced with claims under the laws of New York State, and convenient to the parties. Dismissal will promote comity because it will allow a New York State court to pass on Plaintiff's claims based on its understanding of its own law and findings of fact. Accordingly, I exercise my discretion under Section 1367(c) to decline supplemental jurisdiction over Plaintiff's claims against the Vos "in light of the 'circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims[.]'" *Oneida Indian Nation v. Madison Cty.*, 665 F.3d 408, 439 (2d Cir. 2011) (quoting *City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 173 (1997)).

## CONCLUSION

Plaintiff's claims for malicious prosecution against Defendants Kieu Vo and Franklin Vo (ECF No. 1, Count V) are hereby dismissed without prejudice, and they are to be dropped from the caption and the complaint. The conference scheduled for November 19, 2021, at 10 a.m., shall proceed with the remaining Defendants, and the parties shall proceed under their Case Management Order (ECF No. 36).

SO ORDERED.

Dated:     November 18, 2021         /s/ Alvin K. Hellerstein
             New York, New York      ALVIN K. HELLERSTEIN
                                            United States District Judge