UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TYREKE WILLIAMS,

                Plaintiff,

                20 Civ. 478 (AKH)

      vs.                **FIRST AMENDED COMPLAINT**

THE CITY OF NEW YORK,
NYPD OFFICER JOSE DELEON SANCHEZ,
NYPD OFFICER SHAWN ROMERO,
NYPD OFFICER BRIAN VANDUZER,
NYPD SERGEANT FRANK ALIFFI,

                Defendants.
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. While plaintiff was in the privacy of his own bedroom, police officers barged into his home, arrested, handcuffed, assaulted and battered him, and falsely accused him of burglarizing his own home. Despite obvious evidence that plaintiff lived in the apartment, the police arrested and charged plaintiff on patently false claims by the landlord that plaintiff was an intruder. After enduring over nine months of being criminally prosecuted, five of which plaintiff spent incarcerated in a New York City Department of Corrections jail, all charges were dismissed after Bronx prosecutors discovered what should have been obvious and apparent to the arresting officers -- that

1

plaintiff was a lawful resident in the apartment he was charged with burglarizing. As a result of defendants' actions, plaintiff was falsely and maliciously prosecuted for serious felonies, incarcerated for approximately five months, lost his job and all his property, and became homeless.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

3.  Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

**4.**   Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c) because the claims arose in this district.

## JURY DEMAND

5.   Plaintiff hereby demands trial by jury.

## PARTIES

6.   Plaintiff Tyreek Williams was at all times relevant a resident of Bronx County in the State of New York and a citizen of the United States.

7. NYPD Officer Jose Deleon Sanchez (shield #6308) is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD").  On the dates of the Incident, May 27, 2018 through February 28, 2019, he was assigned to the 52nd Precinct in Bronx County.  Defendant Sanchez is being sued herein in his individual capacity.

8. NYPD Officer Shawn A. Romero (Tax ID # 962063) is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD").  On the dates of the Incident, May 27, 2018 through February 28, 2019, he was assigned to the 52nd Precinct in Bronx County.  Defendant Romero is being sued herein in his individual capacity.

9. NYPD Officer Brian Vanduzer is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD").  On the dates of the Incident, May 27, 2018 through February 28, 2019, he was assigned to the 52nd Precinct in Bronx County.  Defendant Vanduzer is being sued herein in his individual capacity.

10. NYPD Sergeant Frank Aliffi is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD").  On the dates of the Incident, May 27, 2018 through February 28, 2019, he was assigned to the 52nd Precinct in Bronx County. Defendant Aliffi is being sued herein in his individual capacity.

11. At all times relevant herein, Defendants Sanchez, Romero, Vanduzer, and Aliffi ("Individual Police Defendants") were acting under color of state law in the course

and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

12. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

13. On May 27, 2018, plaintiff was living at 42 West Fordham Road, Apartment 1, Bronx, New York.

14. Plaintiff had been living there since approximately March 28, 2018 after renting a room from the landlord -- Kieu Vo and her son, Franklin Vo.

15. Unbeknownst to plaintiff at the time, Kieu Vo and Franklin Vo decided to illegally evict plaintiff.

16. Sometime prior to the Incident on May 27, 2018, plaintiff came home but was barred from entering by one of the other tenants.

17. Upon information and belief, Kieu Vo and Franklin Vo instructed the other tenant to bar plaintiff from entering.

18. Plaintiff called the police.

19. Officers from the 52nd Precinct arrived, confirmed that plaintiff was a lawful tenant of the apartment, and ordered the other tenant to allow plaintiff in.

20. The other tenant complied and, upon information and belief, informed Kieu Vo and Franklin Vo about what transpired.

21. The police officers who responded to the location, created a police report detailing the incident.

22. Upon information and belief, on May 27, 2018, Kieu Vo called 911 and falsely reported that an intruder was asleep in her bed.

23. Upon information and belief, defendant Kieu Vo provided plaintiff's address to the 911 dispatcher.

24. At approximately 4:40 p.m. on May 27, 2018, Defendants NYPD Officers Jose DeLeon Sanchez, Shawn Romero, Brian Vanduzer and Sgt. Frank Aliffi ("Individual Police Defendants") from the 52nd Precinct responded to the address.

25. Plaintiff was in his room inside 42 West Fordham Road, Apartment 1, Bronx, New York, when the Individual Police Defendants barged in.

26. The Individual Police Defendants entered plaintiff's room despite having no lawful justification for entering.

27. Plaintiff did not give consent to the Individual Police Defendants to enter his room.

28. Plaintiff had not committed any crime.

29. There were no exigent circumstances that would have justified the Individual Police Defendants' entrance into the privacy and sanctity of plaintiff's room without a warrant.

30. Plaintiff told the Individual Police Defendants that he was a lawful resident, but they ignored him.

31. Plaintiff's property, including his keys to the apartment, his photo identification, a forty-inch television, furniture, clothes, sneakers, and documents containing his name were in his room and in plain sight.

32. The Individual Police Defendants knew or should have known that plaintiff was a lawful resident of the apartment.

33. Notwithstanding, the Individual Police Defendants handcuffed plaintiff too tightly, forcefully dragged him out of his home, and later threw him face first into a police vehicle, causing him to sustain injuries.

34. Plaintiff did not resist arrest and the force used by the Individual Police Defendants was excessive and unnecessary.

35. The Individual Police Defendants falsely informed the Bronx DA's Office that plaintiff had burglarized the apartment.

36. Defendant NYPD Officer Jose Deleon Sanchez signed a Criminal Court Complaint falsely charging plaintiff with burglary and other charges.

37. Based on the false Criminal Court Complaint and false information provided to the Bronx District Attorney's Office by the Individual Police Defendants, a criminal action against plaintiff was initiated and a judge set bail at plaintiff's Criminal Court arraignment.

38. Plaintiff was unable to make bail and was held in custody in a New York City Department of Correction jail facility.

39. Upon information and belief, one or more of the Individual Police Defendants testified falsely in the grand jury against plaintiff, alleging that he had burglarized the apartment.

40. As a result of the defendants' false testimony, plaintiff was indicted on June 1, 2018 for burglary in the second degree, burglary in the third degree, public lewdness, and criminal trespass in the second degree.

41. At his arraignment on the indictment, a judge of the Bronx County Supreme Court set bail based on the false information provided by defendants to Bronx prosecutors and the Court.

42. Plaintiff was unable to make bail.

43. Plaintiff remained incarcerated in a New York City Department of Corrections facility for approximately five months.

44. During his incarceration at a New York City Department of Corrections facility, plaintiff was attacked by other inmates and suffered physical and emotional injuries that were reasonably foreseeable to the defendants.

45. At no time did plaintiff commit the offenses alleged by defendants.

46. There was no basis for the arrest, incarceration, and prosecution of plaintiff.

47. On October 16, 2018, the Bronx District Attorney's Office made an application to the Court to have Mr. Williams immediately released from jail on his own recognizance.

48. On October 25, 2018, the Bronx District Attorney's Office provided Mr. Williams' criminal defense attorney written *Brady/Giglio* disclosure that a witness informed them that Mr. Williams was a lawful resident at 42 West Fordham Road, Bronx, New York for a few months preceding his arrest, that he observed Mr. Williams enter the apartment using the key on multiple occasions, and that landlord Kieu Vo told him that if anyone asks, tell them, that Mr. Williams never lived there.

49. Mr. Williams was released from jail shortly after the Bronx District Attorney's Office's application to have him released on his own recognizance, but the criminal indictment remained pending.

50. Plaintiff appeared in court repeatedly until the indictment was finally dismissed and sealed on February 28, 2019 on motion by the Bronx District Attorney's Office.

51. The indictment was dismissed and sealed because plaintiff was innocent and there was no basis for the prosecution.

52. The dismissal of the indictment was a favorable termination of the criminal proceedings.

53. After his release from custody and while the indictment was still pending, plaintiff was homeless, could not work, and had no money or property, since he lost all his belongings as a result of his false arrest and wrongful incarceration.

54. The false arrest, false imprisonment, and malicious prosecution of plaintiff caused him to sustain injuries including but not limited to loss of liberty, physical and emotional pain and suffering that are ongoing, anxiety, humiliation, loss of reputation, lost wages, and attorneys' fees.

55. Plaintiff timely filed a written notice of claim with the Comptroller's Office at 1 Centre Street, New York, New York.

56. At least thirty days have elapsed since the filing of such notice and adjustment and/or payment has been neglected and/or refused.

57. This action has been commenced within one year and ninety days after the events upon which the claims are based.

## **FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983/ Fourth and Fourteenth Amendment Rights**
**Against the Individual Police Defendants**

58. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

59. The Individual Police Defendants, who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's rights to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a

deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

60. The Individual Police Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement.

61. Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

**SECOND CAUSE OF ACTION**
**42 U.S.C. §1983/Fourth and Fourteenth Amendment**
**Against the Individual Police Defendants**

62. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

63. The acts and conduct of the Individual Police Defendants constitute malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

64. The Individual Police Defendants initiated and continued the criminal proceedings against plaintiff.

65. The proceedings terminated in plaintiff's favor.

66. There was no probable cause for the commencement or the continuation of the criminal proceedings.

67. The defendants acted with actual malice.

**THIRD CAUSE OF ACTION**
**Malicious Prosecution**
**Against the Individual Police Defendants and the City of New York**

68. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

69. The acts and conduct of the Individual Police Defendants constitute malicious prosecution under the laws of the State of New York.

70. The Individual Police Defendants initiated and continued the criminal proceedings against plaintiff.

71. The proceedings terminated in plaintiff's favor.

72. There was no probable cause for the commencement or the continuation of the criminal proceedings.

73. The Individual Police Defendants acted with actual malice.

74. The Individual Police Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct under *respondeat superior*.

75. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### FOURTH CAUSE OF ACTION
### 42 U.S.C. § 1983/Fourth Amendment
### Against the Individual Police Defendants

76. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

77. The use of excessive force by the Individual Police Defendants in handcuffing plaintiff too tightly, dragging plaintiff out of his home, and throwing him

11

head first into a police vehicle was an objectively unreasonable physical seizure of plaintiff in violation of his rights under the Fourth Amendment to the United States Constitution.

78.   The failure of the Individual Police Defendants who had a duty to intervene, prevent, and stop the other defendants from handcuffing plaintiff too tightly, dragging plaintiff out of his home, and throwing him head first into a police vehicle was also objectively unreasonable in violation of his rights under the Fourth Amendment to the United States Constitution.

## FIFTH CAUSE OF ACTION
**Negligent Hiring, Retention, Training and Supervision**

79.   Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

80.   Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

81.   The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the Individual Defendants who were unfit for the performance of police duties at the aforementioned dates and locations.

82.   Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that the Court grant the following relief jointly and severally against Defendants:

1. Compensatory damages in an amount to be determined at trial for the physical and psychological injuries sustained by plaintiffs as a result of the events alleged herein.

2. Punitive damages against the Individual Police Defendants in an amount to be determined at trial.

3. For pre-judgment interest as allowed by law.

4. An order awarding plaintiff reasonable attorneys' fees, pursuant to 42 U.S.C. §1988, together with the costs of this action.

5. Such other further relief as the Court may deem appropriate.

Dated: December 10, 2021
      New York, New York

                                          ROMANO & KUAN, PLLC

                                          _____/s/_____
                                          Julia P. Kuan (JK 3822)
                                          600 Fifth Avenue, 10th Floor
                                          New York, New York 10020
                                          (212) 763-5075
                                          julia.kuan@romanoandkuan.com

                                          *Attorneys for Plaintiff*

To:    Christopher Arko, Esq. (via ECF)
          NYC Law Department

          *Attorney for Defendants*